NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRUCE A. NORVELL, | No. 19-35705 |
| Plaintiff-Appellant, | D.C. No. 1:16-cv-00195-BLW-REB |
| v. | |
| BLUE CROSS AND BLUE SHIELD ASSOCIATION; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, District Judge, Presiding

Submitted November 23, 2021**
San Francisco, California

Before: OWENS, BADE, and LEE, Circuit Judges.

Bruce A. Norvell appeals pro se the district court's judgment in his action

seeking declaratory and injunctive relief regarding terms defined in certain

healthcare plans. We review de novo the district court's dismissal based on

---

* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

standing, *Braunstein v. Ariz. Dep't of Transp.*, 683 F.3d 1177, 1184 (9th Cir. 2012), and pursuant to Federal Rule of Civil Procedure 12(b)(6), *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

Norvell, an enrollee in the Federal Employee Benefit Health Act ("FEHBA"), alleged that the defendants, which include various healthcare companies and government agencies, violated federal statutes and regulations by insufficiently defining "outpatient" versus "inpatient" in various healthcare plan materials. Norvell alleged that, as a result, he is unable to understand and compare health benefits plans and cannot "exercise an informed choice" among them. *See* 5 U.S.C. § 8907(a).

The district court properly found that Norvell failed to adequately allege standing. Norvell asserts that his inability to choose among competing plans is a concrete injury. But even if we assume that the statutes at issue were established to protect his interests, Norvell failed to allege any procedural violations that caused him concrete harm. *See Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1113 (9th Cir. 2017); *see also TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2214 (2021) ("An asserted informational injury that causes no adverse effects cannot satisfy Article III." (internal quotation marks omitted)).

Because Norvell has no standing, we lack jurisdiction to consider the other grounds for dismissal. *See Env't Prot. Info. Ctr., Inc. v. Pac. Lumber Co.*, 257

F.3d 1071, 1076–77 (9th Cir. 2001) ("The Supreme Court has repeatedly emphasized that '[w]ithout jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" (alteration in original) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998))).[1]

**AFFIRMED.**

---

[1] Norvell's motions for rehearing en banc and to be allowed extra pages for his rehearing en banc motions (Docket Entry Nos. 40, 45, 46) are denied.